UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHA A. A.[1], | Case No. CV 25-4517 AH (ADS) |
| Petitioner[2] | |
| v. | **ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Respondent. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Mandamus ("Petition"; Dkt. 1), Respondent's Motion to Dismiss ("Motion"; Dkt. 16), Petitioner's Reply in Opposition to Respondent's Motion (Dkt. 17), the Report and Recommendation of the previously assigned United States Magistrate Judge ("Report"; Dkt. 19), Petitioner's Objections to the Report ("Objections"; Dkt. 22), Respondent's Reply to the Objections (Dkt. 23), and the other relevant records on file.

---

[1] Petitioner's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] The Clerk of the Court is directed to correct the docket to reflect the titles of the parties from Plaintiff to Petitioner, and Defendant to Respondent, respectively.

The Court has engaged in a de novo review of those portions of the Report to which Petitioner has objected. Although not required, the Court briefly discusses the following points. *See United States v. Ramos*, 65 F.4th 427, 434 (9th Cir. 2023) ("the district court ha[s] no obligation to provide individualized analysis of each objection"); *Wang v. Masaitis*, 416 F.3d 992, 1000 (9th Cir. 2005) (affirming a cursory district court order summarily adopting, without addressing any objections, a magistrate judge's report and recommendation).

Petitioner generally repeats the argument from her Petition and Reply in Opposition to Respondent's Motion that she is entitled to full pay of benefits going back to her original 2011 disability application date. *Compare* Dkt. 1 at 2-3 & Dkt. 17 at 2-4 & *with* Dkt. 22 at 3-5. However, as explained in the Report, there is no administrative decision that Petitioner should have been awarded benefits starting in 2011, and absent a final decision by the Social Security Administration to that effect, her claim is "not at all clear and certain" sufficient to warrant mandamus relief. Dkt. 19 at 8-9. Even if the Court were to continue to entertain Petitioner's argument at this late stage of proceedings, *see Alcazar v. Cantu*, No. CV-24-03342-PHX-JAT, 2025 WL 2304357, at *1 (D. Ariz. Aug. 11, 2025) ("simply repeating arguments made in the petition is not a proper objection" (internal quotation marks and citation omitted)), as Respondent points out even in the Objections Petitioner admits that she most recently filed an administrative appeal in September 2025 and is "still awaiting a final decision on appeal . . . on those issues." Dkt. 22 at 4-5; Dkt. 23 at 2-3. Without a final decision, Petitioner's claim remains unexhausted, and it is therefore not clear and certain that she is entitled to the remedy of mandamus relief. *See* 42 U.S.C. § 405(g); *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003).

The Objections are therefore **OVERRULED**. Dkt. 22.

Accordingly, **IT IS HEREBY ORDERED**:

1.      The Report (Dkt. No. 19) is **ACCEPTED**;

2.      The Motion (Dkt. 16) is **GRANTED**;

3. The Petition (Dkt. 1) is **DENIED** without prejudice;

4. Judgment is to be **ENTERED** accordingly; and

5. The Clerk of the Court serve this Order and the Judgment on all counsel or parties of record.

IT IS SO ORDERED.

Dated:  June 16, 2026



ANNE HWANG
United States District Judge

3